267 P.2d 892

**In re STONE.**

**No. 5786.**

Supreme Court of Arizona.

March 8, 1954.

Oliver T. Hamilton, Tucson, for State Bar.

Warren L. McCarthy, Phoenix, for respondent.

PER CURIAM.

Formal charges were filed against respondent, Rudolph J. Stone, a member of the State Bar of Arizona, to the effect that as executor he mismanaged the estate of Dr. Glenn A. Giere, whose last will and testament was being probated in the Superior Court of Pima County. Specifically, it is charged that without court approval or authority he paid himself $250 as and for an attorney's fee for services rendered deceased's divorced wife; paid numerous creditors of deceased without presentation of claims; contracted for the purchase of real estate and paid out estate funds in connection therewith; contracted to sell real property belonging to the estate and placed the intended purchaser in possession thereof; delivered to the former wife of deceased an automobile and other items of personalty belonging to the estate; and that he paid to the former wife of deceased approximately $1,000 in excess of the amount authorized by the court for family allowance. It is further charged that he failed to file an inventory and appraisement or proof of publication of notice to creditors, and that for over two years after his appointment as executor, he failed to file any accounting. The respondent admits that the charges are substantially correct. The local administrative committee of the State Bar, after hearing, recommended suspension with leave to apply for reinstatement within one month. The matter was referred to the Board of Governors which concurred in the recommendations of the committee and transmitted the record to this court.

While respondent admits the truth of the charges, an intelligent conclusion can hardly be pronounced without a more detailed statement of the facts, circumstances and motives surrounding respondent's conduct. The deceased's and respondent's families were close friends. Domestic difficulty developed between deceased and his wife and after unsuccessful efforts at reconciliation, respondent was employed to file divorce proceedings. The deceased agreed to pay respondent the necessary attorney's fee in the sum of $250. The services were rendered by respondent and the divorce secured. Subsequent thereto, Dr. Giere died and respondent was appointed executor of his last will and testament. Before deceased passed away, he asked for and secured the promise of respondent that the children of the deceased would be properly cared for. Following respondent's appointment as executor, he proceeded to

commit the acts of commission and omission in the administration of the estate heretofore set forth. He was ordered by the court to account and upon hearing, the court ordered that respondent make full restitution including the repayment to the estate of $250 attorney fees. The court's order has been fully complied with, resulting in considerable financial loss to the respondent but no loss to the estate.

While the conduct of respondent was wholly out of harmony with his duties as trustee of the estate and as an officer of the court, we are impressed with the fact that he enjoys a good reputation in the county of his residence for honesty and fair dealing. There is no evidence nor contention that he intentionally with an evil motive dissipated any part of the estate or expected to profit personally from the negligent manner in which he handled its affairs. The only act which might benefit him personally was the payment to himself of the attorney fee owed by the deceased. This apparently was a legitimate debt and probably would have been allowed upon proper application to the court. All the evidence points to the fact that respondent's motives were unselfish, with no intention to overreach or defraud anyone by this negligent failure to follow the legal procedure prescribed for the ordinary and safe administration of an estate.

In approaching the unpleasant task presented, the court must bear in mind that it must exercise a sound and just judicial discretion, remembering that the purpose of suspending or disbarring an attorney is to remove from the field of professional activity one whose misconduct has been such as proves him unfit to be entrusted with the duties and responsibilities necessarily imposed by membership in the profession. The main object is to protect the public and not punish respondent. 5 Am.Jur., Attorneys at Law, section 249.

As we review this record, we find extreme carelessness in the handling of an estate but an absence of any evil or fraudulent intent. We witness a humble and embarrassing admission of his errors and an attitude of extreme willingness under adverse financial conditions to see that no loss resulted to any innocent persons. There appears no other blemish in his reputation as an individual or as an attorney.

The local administrative committee and Board of Governors in the laudable performance of their distasteful duties justly felt they could not condone respondent's conduct. With this we agree. They have recommended suspension with right to make application for reinstatement at the end of thirty days. We appreciate the labors of the committee and the Board but bearing in mind the primary object of disciplinary action and prompted by all the circumstances, we are impelled to believe that the identical result can be attained by action short of suspension. We feel confident the

embarrassment, humiliation and extreme unpleasantness resulting from this proceeding is such that the same conduct will not occur in the future. If this be a sound prediction, a reprimand will accomplish a result equivalent to that which may be attained by suspension. We feel that under the circumstances, while we condemn respondent's conduct, judicial clemency is warranted.

We are therefore of the opinion that disbarment or suspension is too severe a penalty to impose under all the circumstances but that respondent should be and hereby is severely reprimanded for his carelessness and negligent conduct in handling the affairs of this estate, and he is warned that any repetition of conduct unbecoming a member of his profession might well result in the imposition of a more severe penalty.